## WM. STOCKELL *v.* J. B. RYAN & CO.

1. EVIDENCE. *Bill of exceptions. Error. Presumption in favor of Court below.* Where matters are admitted as evidence, but not put into the bill of exceptions, the Court of Errors will presume it was properly admitted.
2. SAME. *Error to mislead a party as to matter curable.* Where the Court below holds certain evidence admissible, which the defendant could get in after a preliminary step, and afterwards charges that it is inadmissible, this is error.

### FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CARY, Judge.

GEO. STUBBLEFIED for Stockell.

THOS. KERCHEVAL for Ryan & Co.

NICHOLSON, C. J., delivered the opinion of the Court.

J. A. Ryan & Co. sued Wm. Stockell before a.

Justice of the Peace "in a plea of debt due by account under $250." Judgment was given for plaintiffs for $195, from which defendant appealed to the Circuit Court. On the trial in the Circuit Court a judgment was rendered against defendant for $150, from which he has appealed.

The bill of exceptions states that "the plaintiff introduced an account for goods, wares and merchandise sold and delivered to the defendant, sworn to, from Cincinnati, Ohio, and proposed to read it as evidence to the jury, to which the defendant excepted, tendering the letter of the plaintiffs, and other testimony, showing that the defendant was the agent of the plaintiffs, and that said alleged articles were only placed in the hands of the defendant as the agent and bailee of the plaintiffs, and were not sold to him, as charged." ` The Court allowed the evidence, but said to the defendant, he might introduce his evidence also.

The account so admitted as evidence is not made part of the bill of exceptions, and therefore we are bound to presume that it was properly allowed as evidence.

The defendant, under the decision of the Court, proceeded to introduce his evidence, showing by the letter of plaintiffs, and by other evidence, that he received and held the goods as agent and bailee and not as purchaser. No objection was made by plaintiffs to defendant's evidence, nor was defendant sworn to any affidavit denying the account of plaintiffs.

After the evidence was closed, the Court charged

the jury that the account sued on, coming, as was admitted, from the State of Ohio, and being verified and certified, as required by our laws, and the defendant having failed, neglected and omitted to deny the same on oath, is conclusive evidence against him, and the jury were directed to return a verdict for the plaintiffs.

As the defendant has not brought the account before us in the bill of exceptions, we can not hold that there was error in its admission as evidence. But it appears that when the Court overruled defendant's objection to the account as evidence, he also notified the defendant that his evidence, showing that the account was not just, would be received. To this holding, as to the admissibility of defendant's evidence, no exception was taken by the plaintiffs. It was clearly erroneous in the Court afterwards to exclude defendant's evidence without giving him an opportunity to avail himself of his right to deny plaintiffs' account on oath. Defendant may not have desired to deny the account on oath, inasmuch as the Court had allowed him, without objection by plaintiffs, to prove by other evidence the same facts which would have been contained in his own affidavit.

We are of opinion that the defendant had no right to introduce evidence controverting the correctness of the account until he had denied its correctness on oath, but we think the exclusion of the evidence in his charge, under the circumstances stated, was such an error as ought to have induced the Court to grant

a new trial. For this reason the judgment is reversed and a new trial granted.